In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-267 CR


____________________



QUINTON KEITH GUILLORY a/k/a DELTON BAPTISTE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 83552






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Quinton Keith Guillory a/k/a Delton
Baptiste (1) pled guilty to forgery. The trial court deferred adjudication of Guillory's guilt,
placed him on community supervision for three years, and assessed a fine of $500.00. 
Subsequently, an administrative hearing officer recommended that Guillory's community
supervision be extended for one year after the officer found that Guillory had failed to
perform community service and failed to pay fees. The trial court adopted the hearing
officer's recommendation and extended the term of Guillory's community supervision for
one year. The State later filed a motion to revoke Guillory's unadjudicated community
supervision. Guillory pled "true" to two alleged violations of the conditions of his deferred
adjudication order. The trial court revoked Guillory's community supervision, found him
guilty of forgery, and sentenced him to eighteen months of confinement in a state jail facility. 
 Guillory's counsel has filed an Anders brief. Counsel's brief meets the requirements
of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting
a professional evaluation of the record demonstrating why there are no arguable grounds to
be advanced. See also High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel
provided Guillory with a copy of the brief. Guillory then filed a pro se brief, in which he
raises four issues. Finding no arguable error, we affirm.

 In his first and second issues, Guillory argues that the extension of his community
supervision by an additional year violated the Double Jeopardy clause and the 14th
Amendment and was "held to be without authority." The trial court is statutorily authorized
to extend the term of community supervision after determining that the defendant violated
a condition of community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12
§ 22(a)(2) (Vernon 2006). Therefore, these issues are not arguable.

 In his third issue, Guillory contends he received ineffective assistance of counsel. To
prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

 First, the defendant must show that counsel's performance was deficient. This
requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant by the Sixth
Amendment. Second, the defendant must show that the deficient performance
prejudiced the defense. This requires showing that counsel's errors were so
serious as to deprive the defendant of a fair trial, a trial whose result is reliable. 


Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See
also Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Guillory must
demonstrate a reasonable probability that, but for his counsel's errors, the outcome would
have been different. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
"Appellate review of defense counsel's representation is highly deferential and presumes that
counsel's actions fell within the wide range of reasonable and professional assistance." Id. 

 Guillory must prove there was no plausible professional reason for specific acts or
omissions of his counsel. See id. at 836. Furthermore, "[a]ny allegation of ineffectiveness
must be firmly founded in the record and the record must affirmatively demonstrate the
alleged ineffectiveness." Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)
(citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The bare record
on direct appeal is usually insufficient to demonstrate "counsel's representation was so
deficient . . . as to overcome the presumption that counsel's conduct was reasonable and
professional." Bone, 77 S.W.3d at 833 (citation omitted). Guillory alleges his defense
counsel failed to investigate or prepare his case properly. Absent an evidentiary hearing in
which defense counsel is provided the opportunity to explain his actions, and in which
Guillory is able to develop evidence supporting his claim of ineffective assistance, Guillory
cannot overcome the presumption that counsel rendered reasonably effective assistance. 
Moreover, Guillory has not established that, but for counsel's conduct, the result would have
been different. See id. Therefore, this issue is not an arguable one.

 In his fourth issue, Guillory asserts that one of the grounds for revoking his
community supervision was his failure to properly report to the community supervision
department before leaving Jefferson County. Guillory asserts that his failure to properly
report was due to the mandatory evacuation during Hurricane Rita. The allegation that
Guillory failed to properly report before leaving the county was contained in the State's
October 6, 2004, motion to revoke Guillory's unadjudicated community supervision. 
Hurricane Rita occurred in September of 2005. Furthermore, because this issue relates to the
trial court's decision to adjudicate Guillory's guilt, we lack jurisdiction over it on direct
appeal. See Hogans v. State, 176 S.W.3d 829, 832-34 (Tex. Crim. App. 2005); Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006). Therefore, this issue is not an arguable
one.

 We have determined that the appeal is wholly frivolous. We have independently
examined the clerk's record and the reporter's record, and we find no reversible error. 
Appointment of new counsel is not required. Compare Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991). Guillory is free to file a petition for discretionary review raising
error by this Court in the instant appeal. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex.
Crim. App. 2005). We affirm the trial court's judgment.

 AFFIRMED.




 

 STEVE McKEITHEN

 Chief Justice

 

Submitted on January 24, 2007

Opinion Delivered February 14, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. In parts of the appellate record, "Baptiste" is also spelled "Batiste."